UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

MAIKEL RODRIGUEZ, and other similarly situated individuals,

        Plaintiff(s),

v.

FOREVER SIGNS, INC., a Florida corporation and ROBIN PEREZ an individual

        Defendant.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, MAIKEL RODRIGUEZ ("Plaintiff") and other similarly situated individuals, sue the Defendants, FOREVER SIGNS, INC., and ROBIN PEREZ (collectively the "Defendants") and alleges:

### JURISDICTION

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

2. Plaintiff is a resident of Florida. He is a covered employee for purposes of the Act.

3. FOREVER SIGNS, INC., (the "Corporate Defendant") and ROBIN PEREZ (the "Individual Defendant"), are Florida companies and a Florida resident, respectively, having their



www.saenzanderson.com

main place of business in Miami-Dade County, Florida, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade County, Florida.

4. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

5. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant are providers of sign production and installation services, and through its business activities, affect interstate commerce.

**COUNT I: WAGE AND HOUR VIOLATION BY**
**THE CORPORATE DEFENDANT (OVERTIME)**

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

7. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer



www.saenzanderson.com

2

shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

9. While employed by the Corporate Defendant, Plaintiff worked approximately an average of approximately **60** hours per week without being compensated for his overtime wages at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a sign installer performing the same or similar duties as that of those other similarly situated sign installer whom Plaintiff observed working in excess of 40 hours per week without overtime wage compensation.

10. Plaintiff worked for the Corporate Defendant from approximately 2013 through March 2022.

11. In total, Plaintiff worked approximately **108.5** compensable weeks under the Act, or 108.5 compensable weeks if we count 3 years back from the filing of the instant action.


www.saenzanderson.com

12. The Corporate Defendant paid Plaintiff on average approximately $550.00 per week.

13. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

14. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

15. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*OVERTIME WAGES*

a. **Total Damages: $37,290.00**

　i. <u>March 2022</u>

　ii. ($19.00/hr x .5) x 20 hours of overtime x 4 weeks = $760.00

　iii. <u>December 2021 to February 2022</u>

　iv. ($18.00/hr x .5) x 20 hours of overtime x 12 weeks = $2,160.00

　v. <u>March 2020 to November 2021</u>

　vi. ($17.00/hr x .5) x 20 hours of overtime x 92.5 weeks = $15,725.00

Total Actual Damages: $18,645.00

Total Liquidated Damages: $18,645.00

Total Overtime Wages Damages: $37,290.00

**<u>TOTAL OVERTIME WAGES OWED = $37,290.00</u>**



www.saenzanderson.com

16. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid all of their at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

17. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since to Plaintiff's and those similarly situated employees' as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wage payments.

18. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages for Plaintiff's employment with the Corporate Defendant as set forth above.

19. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.



www.saenzanderson.com

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**COUNT II: WAGE AND HOUR VIOLATION BY
THE INDIVIDUAL DEFENDANT (OVERTIME)**

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

21. This action is brought by Plaintiff and those similarly situated to recover from the Individual Defendant by virtue of 29 U.S.C. § 203(d), unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."



www.saenzanderson.com

6

22. At the times mentioned, the Individual Defendant was, and is now, the owner and/or main officer and director of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

23. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) their employees in accordance with the Act.

24. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages for Plaintiff's employment with the Corporate Defendant as set forth above.

25. While employed by the Defendants, Plaintiff worked approximately an average of **60** hours per week without being compensated for his overtime wages at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a sign installer performing the same or similar duties as that of those other similarly situated sign installers whom Plaintiff observed working more than 40 hours per week without overtime compensation.

26. Plaintiff worked for the Defendants from approximately 2013 through March 2022.



www.saenzanderson.com

7

27. In total, Plaintiff worked approximately **108.5** compensable weeks under the Act, or 108.5 compensable weeks if we count 3 years back from the filing of the instant action.

28. The Defendants paid Plaintiff on average approximately $550.00 per week.

29. However, the Defendants did not properly compensate Plaintiff for hours that Plaintiff worked more than 40 per week.

30. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid minimum and overtime wages is as follows:

*OVERTIME WAGES*

b. **Total Damages: $37,290.00**

   vii. March 2022

   viii. ($19.00/hr x .5) x 20 hours of overtime x 4 weeks = $760.00

   ix. December 2021 to February 2022

   x. ($18.00/hr x .5) x 20 hours of overtime x 12 weeks =$2,160.00

   xi. March 2020 to November 2021

   xii. ($17.00/hr x .5) x 20 hours of overtime x 92.5 weeks = $15,725.00

   Total Actual Damages: $18,645.00

   Total Liquidated Damages: $18,645.00

   Total Overtime Wages Damages: $37,290.00

   ***TOTAL OVERTIME WAGES OWED = $37,290.00***



www.saenzanderson.com

8

32. At all times material hereto, the Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid all of them at the rate of time and one half of their regular rate of pay for all overtime hours worked more than forty.

33. The Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since to Plaintiff's and those similarly situated employees' as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wage payments.

34. The Individual Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages for Plaintiff's employment with the Defendants as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.



www.saenzanderson.com

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

Dated: March 7, 2023.

Respectfully submitted,

**By: /s/ Julisse Jimenez**
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com