UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA
DIVISION
Case No. 1:23-cv-20933-BB

MAIKEL RODRIGUEZ, and other similarly situated individuals,

Plaintiff(s),

v.

FOREVER SIGNS and ROBIN PEREZ.

Defendant(s).

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff, MAIKEL RODRIGUEZ ("Plaintiff"), and Defendants, FOREVER SIGNS and ROBIN PEREZ ("Defendants") (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice with each party to bear their own attorneys fees and costs.

To facilitate the Court's review of the Agreement, a copy of the executed Confidential Settlement Agreement will be provided for *in camera* review.

**Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c);

*Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.

To facilitate the Court's review of the Confidential Settlement Agreement, a copy of the executed Agreement will be provided for *in camera* review.

the Confidential Settlement Agreement includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed (extensively) the Plaintiff's alleged hours worked, overtime paid, unpaid wages, pay rate, the applicability of defenses, calculation of damages and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations. Contemporaneously, the Parties engaged in informal discovery and motion practice to narrow the issues before any substantial litigation ensued. The Parties then participated in a Settlement Conference and voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

## II.     Terms of Settlement

This case involved, a claim for unpaid overtime compensation. The Plaintiff worked for Defendants which, at all times, employed the Plaintiff. The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's hours clocked in and out, as well as the Plaintiff's pay, hours worked, and time records. Given the Parties' respective positions on the issue of hours worked by Plaintiff, the Parties agree that they would incur great expense litigating these issues. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant, the Parties agree that the terms of the Confidential Settlement Agreement is a fair compromise. As a result, the settlement agreed upon in this matter the Confidential Settlement Agreement and terms agreed theretoas full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The attorney's fees and costs were negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. A copy of Saenz & Anderson, PLLC's billing records in support of this motion are attached as **Exhibit "A"**.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice with the Court retaining jurisdiction for 90 days to enforce the terms of the Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| **By: /s/ Julisse Jimenez** <br> Julisse Jimenez, Esq. (FBN: 65387) <br> Email: julisse@saenzanderson.com <br> SAENZ & ANDERSON, PLLC <br> 20900 NE 30th Avenue, Ste. 800 <br> Aventura, Florida 33180 <br> Telephone: (305) 503-5131 <br> Facsimile: (888) 270-5549 <br> *Counsel for Plaintiff* | **Henry Hernandez, Esq.** <br> E-Mail: Henry@HHLAWFLORIDA.com <br> Garcia Hernandez, P.A. <br> S. LeJeune Road, Suite 802 <br> Coral Gables, Florida 33134 <br> Telephone: 305.771.3374 <br> Facsimile: <br> *Attorneys for Defendant(s)* |